# Exhibit A

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 06 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CarMax Auto Superstores California, LLC, a Virginia Limited Liability
Company; and Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Keeya Shaunta Malone, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court - Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 559882** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hallen D. Rosner, SBN: 109740 / Joshua C. Anaya, SBN: 265444      (858) 348-1005
Rosner, Barry & Babbitt, LLP
10085 Carroll Canyon Road, Suite 100, San Diego, CA 92131

| DATE:<br>*(Fecha):* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | MYRNA BELTRAN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 0 6 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* LLC, a Virginia limited liability Company

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Limited liability Company

*(handwritten: Carmax Auto Super Stores California)*

4. ☐ by personal delivery on *(date):*

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 06 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

1  ROSNER, BARRY & BABBITT, LLP
   Hallen D. Rosner, SBN: 109740
2  Joshua C. Anaya, SBN: 265444
   10085 Carroll Canyon Road, Suite 100
3  San Diego, CA 92131
   Telephone:   (858) 348-1005
4  Facsimile:   (858) 348-1150
   hal@rbblawgroup.com
5  josh@rbblawgroup.com

6  Attorneys for Plaintiff

7                                      VIA FAX

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE

10

11 KEEYA SHAUNTA MALONE, an          Case No.   BC 5 5 9 8 8 2
   individual,
12                                   JURY TRIAL DEMANDED
              Plaintiff,
13                                   Complaint
        v.
14                                      1.  Violation of the Consumers Legal
   CARMAX AUTO SUPERSTORES                  Remedies Act - Equitable and
15 CALIFORNIA, LLC, a Virginia Limited      Injunctive Relief Only
   Liability Company; and
16 DOES 1 through 10, inclusive,         2.  Violation of Business & Professions
                                            Code Section 17200
17            Defendants.
                                         3.  Violation of the Song-Beverly
18                                          Consumer Warranty Act

19                                       4.  Fraud and Deceit

20

21

22        Plaintiff, KEEYA SHAUNTA MALONE, alleges the following against Defendant

23 CarMax Auto Superstores California, LLC ("CarMax"), on information and belief formed

24 after a reasonable inquiry under the circumstances:

25 ///

26 ///

27 ///

28 ///

-1-
Complaint

**PARTIES AND VENUE**

1.     Plaintiff, KEEYA SHAUNTA MALONE, is an individual who resided in the City of Los Angeles, County of Los Angeles, State of California, at the time the contract that is the subject of this lawsuit was entered into.

2.     Defendant, CarMax Auto Superstores California, LLC, ("CarMax" or "the dealership") is or was a car dealership, registered to do business in the State of California, and doing business in the City of Inglewood, County of Los Angeles.

3.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 75, inclusive, and thus names them under the provisions of Section 474 of the California Code of Civil Procedure. Defendants Does 1 through 75, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff and/or they are the alter-ego of the Defendants named herein. Plaintiff will set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

4.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 75, inclusive, and thus names them under the provisions of Section 474 of the California Code of Civil Procedure. Defendants Does 1 through 75, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff and/or they are the alter-ego of the Defendants named herein. Plaintiff will set forth the true names and capacities of the fictitiously named Defendants together with appropriate charging allegations when ascertained.

5.     All acts of CarMax's employees as hereinafter alleged were authorized or ratified by the owner or managing agents of CarMax.

///

///

///

## SUMMARY OF ALLEGATIONS

6.   Plaintiff purchased a 2005 Lincoln LS ("Lincoln" or "subject vehicle"), from CarMax in Inglewood, California, on June 3, 2012. The total purchase price of the subject vehicle as listed on the purchase contract is $24,448.64.

7.   CarMax advertised and sold the subject vehicle to Plaintiff as "certified." Prior to CarMax selling the subject vehicle to Plaintiff, CarMax did not provide Plaintiff with a completed inspection report that indicated all components CarMax inspected on the subject vehicle. Plaintiff would not have purchased the subject vehicle if was not certified.

8.   Further, CarMax misrepresented the condition of the subject vehicle to Plaintiff and misrepresented the defective nature of the subject vehicle. Plaintiff began having extensive problems with the subject vehicle immediately after the purchase that affected the driveability and safety of the subject vehicle. Plaintiff brought the subject vehicle to CarMax three different times within CarMax's thirty day express warranty period. CarMax was unable to conform the subject vehicle to CarMax's express warranty. CarMax represented to Plaintiff the subject vehicle was certified and in good working condition. Plaintiff would not have purchased the subject vehicle if CarMax had disclosed the defects.

9.   California regulates the use of the word "Certified" when used in the advertisement or sale of a used vehicle. A dealer cannot "advertise for sale or sell a used vehicle as 'certified' or use any similar descriptive term...that implies the vehicle has been certified to meet the terms of a used vehicle certification program" if the dealer does not comply with the requirements set forth in Vehicle Code Section 11713.18. Vehicle Code Section 11713.18(a)(6) states that it is a violation of California law if "Prior to sale, the dealer fails to provide the buyer with a completed inspection report indicating all the components inspected." Vehicle Code Section 11713.18(b) states that "A violation of this section **is actionable** under the [Consumers Legal Remedies Act ("CLRA"), Civil Code Section 1750 et seq.], [and] the [Unfair Competition Law ("UCL"),

1  Bus. and Prof. Code Section 17200 et seq.]. . ." (emphasis added.) (Veh. Code Section

2  11713.18(b).)

3                          **SUMMARY OF FACTS**

4       10.    Prior to purchasing the subject vehicle from CarMax, a friend of Plaintiff's

5  recommended Plaintiff purchase a vehicle from CarMax because CarMax sells certified

6  vehicles.

7       11.    During the sales transaction for the subject vehicle, Plaintiff was assisted

8  by sales consultant Nat Hunt. Mr. Hunt did not discuss the certification with Plaintiff

9  during the sales process, nor discuss the history of the vehicle with Plaintiff. Plaintiff

10 was aware CarMax sold certified vehicles and would not have purchased the subject

11 vehicle if CarMax had not certified it.

12      12.    Mr. Hunt never provided Plaintiff with a completed inspection report

13 indicating all the components CarMax inspected on the subject vehicle.

14      13.    No CarMax employee provided Plaintiff with a completed inspection

15 report indicating all the components CarMax inspected on the subject vehicle.

16      14.    Immediately after Plaintiff purchased the subject vehicle, she began

17 having extensive problems that included multiple problems with the drivability of the

18 vehicle. Within the first thirty days of purchase, Plaintiff brought the subject vehicle to

19 CarMax three times for repairs. The problems included the subject vehicle jerking and

20 hesitating. CarMax replaced the ignition coil in cylinder #3, as well as the spark plugs in

21 the vehicle. This did not remedy the problem, as the subject vehicle continued to be

22 plagued by drivability issues. Currently, the subject vehicle is not operable.

23      15.    Lastly, the subject vehicle was used as a former rental. CarMax did not

24 discuss the vehicle's former rental status with Plaintiff. Plaintiff did not have any

25 conversations with any CarMax employees regarding any vehicle history reports for the

26 Lincoln.

27      16.    Plaintiff was frustrated with the overall experience and problems with the

28 subject vehicle. Prior to obtaining legal counsel, Plaintiff requested CarMax repurchase

---
-4-
**Complaint**

1   the subject vehicle. CarMax refused and only offered to put Plaintiff into another vehicle

2   sold by CarMax. CarMax refused to return Plaintiff's down payment or any other

3   payments Plaintiff made for the subject vehicle.

### FIRST CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act

### Equitable and Injunctive Relief Only, Civil Code Section 1750, et seq.

7   17.   Plaintiff incorporates by reference each and every allegation set forth in

8   the preceding paragraphs of this Complaint.

9   18.   The subject vehicle is a "good" bought for use primarily for personal,

10   family or household purposes pursuant to Civil Code Section 1761(a).

11   19.   CarMax is a "person" pursuant to Civil Code Section 1761(c).

12   20.   Plaintiff is a "consumer" pursuant to Civil Code Section 1761(d).

13   21.   The advertisement of the subject vehicle to Plaintiff is a "transaction"

14   pursuant to Civil Code Section 1761(e).

15   22.   The sale of the subject vehicle to Plaintiff is a "transaction" pursuant to

16   Civil Code Section 1761(e).

17   23.   CarMax is a dealer licensed by the California Department of Motor

18   Vehicles.

19   24.   The California legislature has declared that a violation of any of the

20   subparts of Vehicle Code Section 11713.18(a)(1)-(9) is actionable under the Consumers

21   Legal Remedies Act ("CLRA").

22   25.   Pursuant to the CLRA, the following unfair methods of competition and

23   unfair or deceptive acts or practices are prohibited: (2) Misrepresenting the source,

24   sponsorship, approval, or certification of goods; (3) Misrepresenting the affiliation,

25   connection, or association with, or certification by, another; (5) Representing that goods

26   have sponsorship, approval, or characteristics which they do not have; (7) Representing

27   that goods are of a particular standard, quality or grade if they are of another; (9)

28   Advertising goods or services with intent not to sell them as advertised; (14)

1  Representing that a transaction confers or involves rights, remedies, or obligations
2  which it does not have or involve, or which are prohibited by law; and (16) Representing
3  that the subject of a transaction has been supplied in accordance with a previous
4  representation when it has not.

5      26.    CarMax violated the CLRA by:

6         a.    Advertising the vehicle to Plaintiff as "certified" without providing
7  Plaintiff, prior to sale, a completed inspection report indicating all the
8  components CarMax inspected to meet the terms of CarMax's used vehicle
9  certification program;

10         b.    Selling the vehicle to Plaintiff as "certified" without providing
11  Plaintiff, prior to sale, a completed inspection report indicating all the
12  components CarMax inspected to meet the terms of CarMax's used vehicle
13  certification program;

14         c.    Labeling the vehicle as "certified" without providing Plaintiff, prior
15  to sale, a completed inspection report indicating all the components CarMax
16  inspected to meet the terms of CarMax's used vehicle certification program;

17         d.    Failing to disclose to Plaintiff the subject vehicle's defective nature;

18         e.    Advertising an unsafe vehicle as "certified;"

19         f.    Selling an unsafe vehicle as "certified;"

20         g.    Selling an unmerchantable vehicle to Plaintiff;

21         h.    Failing to repair the subject vehicle within CarMax's express
22  warranty period;

23         i.    Failing to clearly identify the subject vehicle as a former rental in all
24  advertisements; and

25         j.    Violating California Vehicle Code Section 11713.18(a).

26      27.    If CarMax had not advertised, sold, or labeled the subject vehicle as
27  "certified," Plaintiff would not have purchased the subject vehicle from CarMax. Plaintiff
28  was harmed and damaged by CarMax's representations.

28.   Plaintiff was induced to purchase a vehicle she otherwise would not have, or at a minimum paid less for, by CarMax's use of the term "certified." Plaintiff was further induced to purchase the subject vehicle based upon CarMax's false representations—or at best half-truths—about the subject vehicle's condition.

29.   Instead of the high-quality, "certified," and thoroughly inspected vehicle Plaintiff thought she was buying, CarMax sold Plaintiff a defective and unsafe vehicle that could not be labeled, sold, or advertised as "certified" pursuant to California law.

30.   Concerted marketing of "Certified" pre-owned vehicles by auto manufacturers and dealers to consumers has created an association of high quality with the term "certified." Consequently, the "Certified" label itself has intrinsic perceived value, apart from the qualities of the vehicle itself. In other words, simply calling a vehicle "Certified" increases its value and consumers are charged a premium for allegedly certified vehicles. Significantly, the label induces many consumers, such as Plaintiff, to buy a vehicle they otherwise would not have or pay a higher price.

31.   CarMax's actions are sufficient to support punitive damages. CarMax markets its cars as certified to increase car sales, to increase the perceived value of it vehicles, and to make increased profits from consumers, including Plaintiff. CarMax's policies regarding the use of the term "Certified" are instituted at the highest corporate levels, with full knowledge that its use of the term certified violates California law and defrauds and cheats California consumers.

32.   CarMax, to make more money, intentionally undermined protections granted consumers by California law. CarMax's intentional acts harm consumers and create profit for CarMax because consumers, including Plaintiff are denied information, and purchase vehicles that they would not otherwise purchase. Punitive damages are proper to deter CarMax's acts deemed socially unacceptable and to discourage the perpetuation of CarMax's objectionable corporate policies. Plaintiff seeks punitive damages.

33.     To satisfy the Preliminary Notice requirement of Civil Code Section 1782(a), Plaintiff mailed to CarMax a letter with a copy of this lawsuit via certified mail, return receipt requested. The letter serves as notice to CarMax of its alleged violations of the CLRA. The letter demands CarMax correct the alleged violations of Civil Code Section 1770.

34.     No monetary damages are sought under the CLRA at this time. Only equitable and injunctive relief are sought at this time.

35.     Civil Code Section 1780(a)(2) of the CLRA provides that a consumer is entitled to an injunction prohibiting acts or practices which violate the CLRA. Plaintiff seeks an order enjoining CarMax from the acts, methods, and practices as set forth in this Complaint, as well as equitable relief.

36.     Pursuant to California Civil Code Section 1780(d), Plaintiff may also recover attorney's fees and costs according to proof at time of trial.

## SECOND CAUSE OF ACTION

### Unlawful, Unfair, or Fraudulent Business Acts and Practices,

### Business & Professions Code Section 17200, et seq.

37.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

38.     The California legislature has declared that a violation of any of the subparts of Vehicle Code Section 11713.18(a)(1)-(9) is actionable under the Unfair Competition Law, Business & Professions Code Section 17200, *et seq*.("UCL"). Here, CarMax violated both Vehicle Code Section 11713.18(a)(6) and Section 11713.18(a)(9), by:

39.     CarMax committed acts of unfair competition, as defined by the UCL. As set forth more fully above, CarMax has engaged in a course of conduct of systematically violating the consumer laws in this State prohibiting the commitment of deceptive practices, including the laws of fraud and deceit, and the various prohibitions contained in the California Vehicle Code and the Consumers Legal Remedies Act.

40.     CarMax has engaged in "unlawful" business acts and/or practices by:

a.      Advertising the vehicle to Plaintiff as "certified" without providing Plaintiff, prior to sale, a completed inspection report indicating all the components CarMax inspected to meet the terms of CarMax's used vehicle certification program;

b.      Selling the vehicle to Plaintiff as "certified" without providing Plaintiff, prior to sale, a completed inspection report indicating all the components CarMax inspected to meet the terms of CarMax's used vehicle certification program;

c.      Labeling the vehicle as "certified" without providing Plaintiff, prior to sale, a completed inspection report indicating all the components CarMax inspected to meet the terms of CarMax's used vehicle certification program;

d.      Failing to disclose to Plaintiff the subject vehicle's defective nature;

e.      Advertising an unsafe vehicle as "certified;"

f.      Selling an unsafe vehicle as "certified;"

g.      Selling an unmerchantable vehicle to Plaintiff;

h.      Failing to repair the subject vehicle within CarMax's express warranty period;

i.      Failing to clearly identify the subject vehicle as a former rental in all advertisements; and

j.      Violating California Vehicle Code Section 11713.18(a).

41.     The harm to Plaintiff outweighs the utility of CarMax's policies and practices, particularly considering the available alternatives, and that CarMax's policies and practices are immoral, unscrupulous, unethical and against public policy. CarMax's policies and practices consequently constitute an "unfair" business act or practice within the meaning of the UCL.

42.   CarMax's deceptive policies and practices as set forth above also are likely to and/or have deceived Plaintiff. Thus, CarMax has also engaged in "fraudulent" business practices.

43.   CarMax has engaged in, and continues to engage in, the same form of deceptive acts and practices.

44.   CarMax's unlawful, unfair and fraudulent business practices present a continuing threat to Plaintiff and others in that CarMax will continue utilizing similar policies and practices.

45.   The UCL provides that Plaintiff is entitled to an order enjoining CarMax from engaging in acts or practices that violate Business & Professions Code Section 17200. Plaintiff has lost money and suffered injury in fact as a result of CarMax's illegal conduct. Plaintiff seeks an order enjoining CarMax from engaging in the acts and practices set forth in this Complaint.

46.   Plaintiff further seeks attorney's fees and costs pursuant to Code of Civil Procedure Section 1021.5.

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Consumer Warranty Act,

### Civil Code Section 1790, *et seq.*

47.   Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs, inclusive, of this Complaint.

48.   The subject vehicle is a "consumer good" pursuant to Civil Code Section 1791(a).

49.   Plaintiff has used the vehicle primarily for family or household purposes.

50.   Plaintiff is a "buyer" of consumer goods pursuant to Civil Code Section 1791(b).

51.   CarMax is a "retail seller" pursuant to Civil Code Section 1791(l).

52.   CarMax's 30 day express warranty accompanied the sale of the subject vehicle to Plaintiff.

53.   CarMax did not disclaim the implied warranties that attach to the sale of consumer goods.

54.   CarMax's retail sale of the subject vehicle to Plaintiff was accompanied by CarMax's implied warranty that the subject vehicle was merchantable.

55.   Shortly after Plaintiff purchased the subject vehicle, Plaintiff began having extensive problems that included multiple problems with the driveability and safety of the subject vehicle.

56.   During CarMax's express warranty period, Plaintiff brought the subject vehicle to CarMax for three separate repair visits. CarMax was unable to repair the defects. CarMax was unable to conform the subject vehicle to its express warranty.

57.   The defects substantially impair the use, value, and safety of the subject vehicle. The defects should not have occurred in a vehicle advertised and sold as certified.

58.   The foregoing defects and non-conformities manifested within the applicable implied and express warranty periods. The defects existed at the time CarMax sold the subject vehicle to Plaintiff.

59.   Because of the defects set forth above, the subject vehicle would not pass without objection in the trade, was not fit for its ordinary purpose, and is unsafe to drive. The subject vehicle is currently inoperable.

60.   Therefore, CarMax sold the subject vehicle in violation of CarMax's implied warranty of merchantability.

61.   Notwithstanding Plaintiff's entitlement, CarMax has failed to refund the price of the vehicle or replace the vehicle as required by the Song-Beverly Consumer Warranty Act ("the Act").

62.   By failure of CarMax to remedy the defects as alleged above, or to issue a refund or replacement, CarMax is in breach of its obligations under the Act.

63.   Plaintiff is entitled to, and justifiably revokes acceptance of the vehicle under the Act.

1     64.    Under the Act, Plaintiff is entitled to reimbursement of the purchase price

2  paid for the vehicle less that amount directly attributable to use by Plaintiff prior to

3  discovery of the nonconformities.

4     65.    Plaintiff is entitled to all incidental, consequential and general damages

5  resulting from CarMax's failure to comply with its obligations under the Act.

6     66.    Further, Plaintiff is entitled to a civil penalty from CarMax of up to two

7  times the amount of actual damages due to CarMax's willful failure to comply with the

8  Act.

9     67.    Under the Act, Plaintiff is entitled to recover as part of the judgment a sum

10  equal to the aggregate amount of costs and expenses, including attorneys' fees,

11  reasonably incurred in connection with the commencement and prosecution of this

12  action.

### FOURTH CAUSE OF ACTION

### Fraud and Deceit

15     68.    Plaintiff incorporates by reference each and every allegation set forth in

16  the preceding paragraphs of this Complaint.

17     69.    CarMax represented to Plaintiff that CarMax sells its vehicles as

18  "certified," as well as that it performs a "rigorous" 125 point inspection on the vehicles it

19  sells.

20     70.    CarMax's representations to Plaintiff were false. CarMax could not

21  advertise, sell, or label the subject vehicle as certified because it failed to provide

22  Plaintiff, prior to purchase or at any time, a completed inspection report that indicated

23  all components inspected on the subject vehicle to meet the terms of CarMax's used

24  vehicle certification program. CarMax's representations to Plaintiff were false because of

25  the subject vehicle's defects that impaired the driveability and safety of the subject

26  vehicle..

27     71.    CarMax knew that the representations to Plaintiff were false when it made

28  the representations because CarMax became aware of the requirements of Vehicle Code

1    Section 11713.18(a)(6) at the time it went into effect on or around June 1, 2006. This
2    Statute prevents the advertisement or sale of a vehicle as certified without providing,
3    prior to purchase, a completed inspection report that indicated all components
4    inspected the vehicle. CarMax did not provide any such report to Plaintiff for the subject
5    vehicle. CarMax knew that the representations to Plaintiff were false when it made the
6    representations because CarMax should have found the subject vehicle's defects and
7    nonconformities when preparing the completed inspection report to indicate all
8    components inspected to certify the subject vehicle.

9        72.    CarMax intended that Plaintiff rely on the representations in Plaintiff's
10   purchase of the subject vehicle. Plaintiff reasonably relied on CarMax's representations.

11       73.    Plaintiff was harmed and damaged by CarMax's representations. First and
12   foremost, Plaintiff was induced to purchase a vehicle she otherwise would not have, or at
13   a minimum paid less for, by use of the term "certified" or its like, along with the false
14   representations made, or at best half-truths about the vehicle's condition.

15       74.    Here, Plaintiff valued the subject vehicle more because it was represented
16   and sold as certified, and would not have bought the vehicle or paid less if it was not so
17   labeled. Also, Plaintiff would not have bought the vehicle if CarMax had not lied about
18   the vehicle's condition, told half-truths, and omitted facts. Plaintiff was only told the
19   vehicle was certified, inspected, in good condition and had a clean vehicle history. The
20   true facts were the vehicle could not legally be called certified, any inspection would
21   reveal the vehicle was accident damaged and defective. Plaintiff was not physically
22   present when the real inspection list was gone through and cannot say there was no
23   inspection. Obviously, either CarMax does lax, worthless inspections, or when it finds
24   defects, it ignores them. CarMax appears to also adopt and implement policies about
25   selling vehicles even when defects are found, instead of fixing problems.

26       75.    Plaintiff's reliance on CarMax's representations was a substantial factor in
27   causing Plaintiff's harm.

28

76.     Further, CarMax intentionally failed to disclose important facts related to the condition of the subject vehicle that was known only to CarMax and that Plaintiff could not have discovered. CarMax actively concealed important facts related to the subject vehicle's condition from Plaintiff or prevented Plaintiff from discovering these facts by failing to provide Plaintiff, prior to purchase or at any time, a completed inspection report that indicated all components inspected on the subject vehicle to meet the terms of CarMax's used vehicle certification program.

77.     Plaintiff did not know of the concealed facts. CarMax intended to deceive Plaintiff by concealing the facts.

78.     Plaintiff reasonably relied on CarMax's deception and Plaintiff was harmed. CarMax's concealment was a substantial factor in causing Plaintiff's harm.

79.     CarMax claimed to have special knowledge about the subject vehicle that Plaintiff did not have because CarMax advertised, sold, and labeled the subject vehicle as a certified vehicle to mean CarMax inspected the subject vehicle to meet the terms of CarMax's used vehicle certification program. CarMax claimed to have special knowledge about the subject vehicle that Plaintiff did not have because CarMax claimed to have inspected the subject vehicle and represented it was free from defects.

80.     CarMax's representations to Plaintiff substantially influenced Plaintiff to purchase the subject vehicle. Plaintiff would not have purchased the subject vehicle if CarMax had not certified the vehicle or told Plaintiff that the subject vehicle had prior accident damage.

81.     CarMax's conduct constitutes conduct that is oppressive, fraudulent, or malicious, entitling Plaintiff to punitive damages under Civil Code Section 3294. The acts of CarMax's corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of CarMax. Plaintiff seeks punitive damages according to proof for CarMax's malicious, oppressive and/or fraudulent conduct.

///

///

1    82.   CarMax ratified the conduct of the other dealership personnel, when it
2  refused to repurchase the subject vehicle at Plaintiff's request, and Plaintiff had to hire
3  legal counsel to enforce her rights.

4

5    **WHEREFORE,** Plaintiff prays for judgment as follows:

6         1.    For general damages according to proof at trial, excluding the
7  Consumers Legal Remedies Act at this time;

8         2.    For rescission of the purchase contract;

9         3.    For incidental and consequential damages according to proof at
10  trial, excluding the Consumers Legal Remedies Act at this time;

11         4.    For punitive damages based on the Fraud and Deceit cause of
12  action, only, at this time;

13         5.    For the equitable and injunctive relief permitted under Civil Code
14  Section 1780 and Business & Professions Code Section 17200;

15         6.    For the legal and equitable relief permitted under Civil Code
16  Section 1794(a);

17         7.    For the civil penalty permitted under Civil Code Section 1784(c);

18         8.    For pre-judgment interest at the legal rate;

19         9.    For reasonable attorney's fees and costs of suit as permitted by law
20  (including, but not limited to, Civil Code Section 1780(d) and Section 1794);

21         10.   For such other and further relief as the Court deems just and proper
22  under the circumstances;

23         11.   No request for damages of any type are sought under the
24  Consumers Legal Remedies Act at this time; and

25  ///
26  ///
27  ///
28  ///

-15-
**Complaint**

1      12.    Relief under Business & Professions Code Section 17200 as limited

2   as provided by law.

3

4   Dated:  October 3, 2014                    ROSNER, BARRY & BABBITT, LLP

5

6                                       By: _____

7                                            Hallen D. Rosner
                                             Joshua C. Anaya
8                                            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Hallen D. Rosner, SBN: 109740/ Joshua C. Anaya, SBN: 265444 Rosner, Barry & Babbitt, LLP 10085 Carroll Canyon Road, Suite 100, San Diego, CA 92131 TELEPHONE NO.: (858) 348-1005    FAX NO.: (858) 348-1150 ATTORNEY FOR (Name): Keeya Shaunta Malone | **CONFORMED COPY ORIGINAL FILED** Superior Court of California County of Los Angeles **OCT 06 2014** Sherri R. Carter, Executive Officer/Clerk By Myrna Beltran, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC550888 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [X] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 3, 2014

Joshua C. Anaya
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC | BC 5 5 9 8 8 2 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  3.  ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.



| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2.,5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☒ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Keeya-Shaunta Malone v. CarMax Auto Superstores California, LLC | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Keeya Shaunta Malone v. CarMax Auto Superstores California LLC | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☒8. ☐9. ☐10. | ADDRESS:<br>4401 W 59th Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE: |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk Courthouse courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __October 3, 2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

NOTICE SENT TO:

Rosner Barry & Babbit, LLP
10085 Carroll Canyon Rd., Ste. 100
San Diego        CA   92131

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 10 2014

Sherri R. Carter, Executive Officer/Clerk
By Cynthia Randle, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| KEEYA SHAUNTA MALONE | Plaintiff(s), | BC559882 |
| VS. | | |
| CARMAX SUPERSTORES CA LLC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _February 2, 2015_ at _9:30 am_ in _Dept. 71_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _October 10, 2014_

**SUZANNE G. BRUGUERA**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: _October 10, 2014_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk
     C. Randle

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

# BC 5 5 9 8 8 2

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Mary H. Strobel | 32 | 406 | | | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | | | |
| Hon. Gregory Alarcon | 36 | 410 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | **\*Provisionally Complex**<br>**Non-Class Action Cases** | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Assignment is Pending<br>Complex Determination | 324 | CCW | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):     FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)  
LASC Approved 04/11  
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____     _____
                                              JUDICIAL OFFICER

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 06 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

1 | ROSNER, BARRY & BABBITT, LLP
Hallen D. Rosner, SBN: 109740
2 | Joshua C. Anaya, SBN: 265444
10085 Carroll Canyon Road, Suite 100
3 | San Diego, CA 92131
Telephone:   (858) 348-1005
4 | Facsimile:   (858) 348-1150
hal@rbblawgroup.com
5 | josh@rbblawgroup.com

6 | Attorneys for Plaintiff

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE

10 | BC 5 5 9 8 8 2

11 | KEEYA SHAUNTA MALONE, an
individual,                          Case No:

12 |                                 **Plaintiff's Affidavit Of Venue**
Plaintiff,                   **Pursuant to California Civil Code**
13 | v.                              **Section 1780(c)**

14 | CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, a Virginia Limited
15 | Liability Company; and
DOES 1 through 10, inclusive,

16 |
Defendants.
17 |

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

I, Keeya Shaunta Malone, declare as follows:

1. I am the Plaintiff in this action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

2. I purchased the 2005 Lincoln LS that is the subject of this litigation from CarMax Auto Superstores California, LLC, in the City of Inglewood, County of Los Angeles, State of California.

3. Accordingly, these causes of action have been properly commenced in the proper county or judicial district for trial.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on the ___30___ day of ___August___, 2014, at ___Los Angeles___, California.
          (Month)                                    (City)

_____
Keeya Shaunta Malone

-2-

Plaintiff's Affidavit Of Venue Pursuant to California Civil Code Section 1780(c)