UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT CARMAX'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. 26)**

**DEFENDANT CARMAX'S MOTION TO STRIKE PORTIONS OF AMENDED COMPLAINT (DKT.27)**

**I.    Introduction**

On October 6, 2014, Keeya Shaunta Malone ("Plaintiff") filed this action in the Los Angeles Superior Court against CarMax Auto Superstores of California, LLC ("CarMax"). Compl., Dkt. 1-1, Ex. A. CarMax removed the action on November 20, 2014. Dkt. 1. On March 2, 2015, the parties stipulated to the filing of an amended complaint. Dkt. 23. On March 16, 2015, Plaintiff filed the First Amended FAC ("FAC"). FAC, Dkt. 25. The FAC advances four causes of action: (1) violation of the Consumers Legal Remedies Act ("CLRA"); (2) violation of Cal. Bus. & Prof. Code § 17200; (3) violation of the Song-Beverly Consumer Warranty Act; and (4) fraud and deceit. *Id.*

Plaintiff purchased a used vehicle from CarMax on June 3, 2012. FAC, Dkt. 25. The FAC alleges that the vehicle failed to meet certification requirements under California law. *Id.* Shortly after purchasing the vehicle, Plaintiff discovered defects that required repairs. *Id.* The FAC alleges that CarMax failed to complete the necessary repairs in accordance with express and implied warranties. *Id.*

CarMax moved to dismiss the FAC or, in the alternative, to strike portions of it ("Motions"). Dkt. 26; Dkt. 27.[1] Plaintiff opposed the motions. Dkt. 14. A hearing on the motions was held on June 8, 2015. Dkt. 31. For the reasons set forth in this Order, the motions are **GRANTED IN PART** and **DENIED IN PART**.

---

[1] CarMax requests judicial notice of several federal and state trial court decisions in other cases. Request for Judicial Notice, Dkt. 28; Request for Judicial Notice, Dkt. 30-1. Plaintiff also requests judicial notice of several federal district court decisions. Request for Judicial Notice, Dkt. 29-1. The parties' requests for judicial notice, which are unopposed, are **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

**II.    Factual Background**

On June 3, 2012, Plaintiff purchased a 2005 Lincoln LS ("Lincoln") from a CarMax dealership in Inglewood, California. FAC ¶ 5. The purchase price was $24,448.64. *Id.* CarMax provided an express 30-day warranty. *Id.* ¶¶ 9, 16. During the sales transaction, Plaintiff was assisted by Sales Consultant Nat Hunt ("Hunt"). *Id.* ¶ 12. Hunt did not discuss certification of the Lincoln with Plaintiff. *Id.* However, Plaintiff alleges that she "was aware CarMax sold certified vehicles and would not have purchased [the Lincoln] if CarMax had not certified it." *Id.*

Prior to the time Plaintiff purchased the Lincoln, it had been used as a rental car. FAC ¶ 17. No CarMax representative expressly told Plaintiff about this prior use. *Id.* Nor did CarMax advertisements for the Lincoln state that the vehicle was previously used as a rental car. *Id.*

The FAC alleges that Plaintiff did not receive a "completed inspection report indicating all the components CarMax inspected on the subject vehicle" from Hunt or any other CarMax employee. FAC ¶¶ 13-14. Plaintiff did receive a "one-sided version" of CarMax's "Certificate of Quality Inspection" ("CQI") after completing the sales documents. *Id.* ¶ 15. Although the CQI was not attached to the FAC, Plaintiff attached a copy of it to her Opposition. CQI, Dkt. 29, Ex. A.

The CQI Certificate states that "this vehicle has passed the rigorous CarMax Certified Quality Inspection." CQI, Dkt. 29, Ex. A. It also states that CarMax "check[s] over 125 points including (but not limited to)" several categories of vehicle components with various subcomponents the listed. *Id.* The categories are: engine, cooling system, fuel system, drive axle, transmission, suspension system, electrical system, brake system, steering system, body/interior, heating & A/C system, lighting system, accessories and miscellaneous. *Id.* The form language and elements of the CQI Certificate are not specific to the inspected vehicle. For example, it includes certain components, such as manual transmission, that are not elements of the vehicle that has been inspected. *See id.* The CQI is not signed and contains no specific information about the Lincoln. *Id.* It states: "Your signed CQI certificate can be found in your vehicle's glove compartment." *Id.* No two-sided, signed CQI was placed in the glove compartment of the Lincoln. FAC ¶ 15. The FAC alleges that the CQI is not the actual inspection report. *See id.* ¶ 31. Instead, it alleges that the actual inspection report is a checklist that CarMax inspectors filled out and then destroyed. *Id.*

As noted, following her purchase of the Lincoln, Plaintiff noticed certain problems that she believed required repairs. They included "jerking and hesitating." FAC ¶ 16. On three separate occasions during the 30-day warranty period, Plaintiff requested that CarMax repair the Lincoln. *Id.* CarMax replaced the "ignition coil in cylinder #3, as well as the spark plugs[.]" *Id.* ¶ 66. Plaintiff alleges that these repairs did not correct the problems, and that the Lincoln remains "plagued by drivability issues" and is "not operable." *Id.*

Plaintiff asked CarMax to repurchase the Lincoln. *Id.* ¶¶ 18, 98. CarMax refused to do so, "and only offered to put Plaintiff into another vehicle sold by CarMax." *Id.* CarMax would not return either the down payment or any other payments that Plaintiff had made in purchasing the Lincoln. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
|---|---|---|---|
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

**III.     Analysis**

    A.     CarMax's Motion to Dismiss (Dkt. 26)

        1.     <u>Legal Standards</u>

            a)     Fed. R. Civ. P. 8(a)

Fed. R. Civ. P. 8(a), provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

A party may bring a motion to dismiss a cause of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

            b)     Heightened Pleading Standards for Fraud

Fed. R. Civ. P. 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Rule 9(b) requires a plaintiff to allege specific details about the fraud "including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (internal quotation marks omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (a plaintiff must "articulate the who, what, when, where and how of the alleged misconduct").

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

      2.    <u>Whether the FAC Alleges a Claim under the CLRA</u>

          a)    Legal Standards

The CLRA prohibits unfair methods of competition and unfair or deceptive acts or practices in connection with the sale or lease of goods to consumers. Cal. Civ. Code §§ 1750 *et seq*. The purpose of the Act is to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

Under the CLRA, certain acts are unlawful if "intended to result" or result "in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). They include:

1. Misrepresenting the certification of goods (Cal. Civ. Code § 1770(a)(2)-(3));
2. Representing that goods have certain "characteristics" that they do not have (Cal. Civ. Code § 1770(a)(5));
3. Representing that goods are of "a particular standard, quality or grade . . . if they are of another" (Cal. Civ. Code § 1770(a)(7));
4. Advertising "goods or services with intent not to sell them as advertised" (Cal. Civ. Code § 1770(a)(9));
5. Representing that a "transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law" (Cal. Civ. Code § 1770(a)(14); and
6. Representing that the "subject of a transaction has been supplied in accordance with a previous representation when it has not" (Cal. Civ. Code § 1770(a)(16)).

Violations of Cal. Veh. Code § 11713.18 can form the basis for a claim under the CLRA. Cal. Veh. Code § 11713.18(b). Thus, failure to provide a completed inspection report prior to the sale of a used vehicle bars its sale as a "certified" vehicle. Cal. Veh. Code § 11713.18(a)(6). Non-compliance with this statute gives rise to a claim under the CLRA. § 11713.18(b).

Conduct that is "likely to mislead a reasonable consumer violates the CLRA." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (internal quotation marks omitted); *accord Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006). Omissions can form the basis for a CLRA claim. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (2006). However, the "omission must be contrary to a representation actually made by the defendant, or an omission of fact the defendant was obliged to disclose." *Id.*

"Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person" under the CLRA. Cal. Civ. Code § 1780(a). The phrase "any damage" has been interpreted to include monetary damages, as well as transactional and opportunity costs. *Meyer v. Spring Spectrum L.P.*, 45 Cal.4th 634, 640 (2009). There must still be "some kind of tangible increased cost or burden to the consumer" to provide the basis for a claim the CLRA. *Id.* at 643. Consumers may recover actual damages, restitution and punitive damages, and may also secure injunctive relief. § 1780(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

      b)      Application

            (1)      <u>Alleged Violations of Cal. Civ. Code § 1770(a)</u>

The FAC alleges that CarMax violated Cal. Civ. Code § 1770(a) by failing to disclose certain defects of the Lincoln to Plaintiff. In support of this claim, she alleges that this failure occurred after CarMax made representations to her that the Lincoln was certified, inspected, and in good condition. The FAC alleges that these representations were false and that the vehicle was not in good condition. This includes Plaintiff's claim that the Lincoln needed repairs and is "not operable." CarMax argues that these allegations are not sufficient to state a claim under § 1770(a).

The FAC alleges that CarMax falsely represented the character or quality of the Lincoln. Because these allegations are sufficient to state a violation of the CLRA, they are adequate to state a claim for a violation of Cal. Civ. Code § 1770(a).

CarMax also argues that Plaintiff has failed to allege damage resulting from the claimed violation of § 1770(a). Plaintiff alleges that, because she relied on the representations by CarMax about the Lincoln, she made a purchase that she would not otherwise have made. This is sufficient as a theory of damages under the CLRA.

For these reasons, the motion is **DENIED** on this ground.

            (2)      <u>Alleged Violation of Cal. Veh. Code § 11713.18(a)(6)</u>

                (a)      The Statute

Cal. Veh. Code § 11713.18(a)(6) provides that:

> It is a violation of this code for the holder of any dealer's license issued under this article to advertise for sale or sell a used vehicle as "certified" or use any similar descriptive term in the advertisement or the sale of a used vehicle that implies the vehicle has been certified to meet the terms of a used vehicle certification program if any of the following apply: . . . (6) [p]rior to sale, the dealer fails to provide the buyer with a completed inspection report indicating all the components inspected.

There are no published California, appellate decisions interpreting Cal. Veh. Code § 11713.18(a)(6). This Court interpreted § 11713.18(a)(6) in *Gullins v. CarMax Auto Superstores Cal., LLC*, No. 2:13-CV-09398 (C.D. Cal. Feb. 20, 2015) (Dkt. 76). As stated in that Order:

> In light of both the plain language and legislative history, the phrase "completed inspection report" as used in the statute means a report that lists all of the components inspected on a vehicle. However, neither the plain language nor the legislative history supports an interpretation that would require a car dealership to disclose the results of the inspection or general observations made during the inspection process. To be sure, the disclosure of this information could be seen as furthering a purpose of the Bill -- to promote transparency between dealerships and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

consumers. However, the plain language and legislative history do not support this interpretation. Thus, § 11713.18(a)(6) requires a completed inspection report to list all components inspected, but does not require a dealership to disclose inspection results or observations made during an inspection.

*Id.* at 15.

                                     (b)      Application

Plaintiff alleges that CarMax violated Cal. Veh. Code § 11713.18(a)(6) by not providing a completed report that listed all components of the Lincoln that were inspected. However, the FAC alleges that Plaintiff received a CQI. The FAC does not expressly allege, or imply, that CarMax inspected a component of the Lincoln that was not shown in the CQI. Therefore, the FAC does not plausibly allege that Plaintiff did not receive a completed inspection report that complied with § 11713.18(a)(6).

Plaintiff argues that the CQI is a "generic advertisement" because it does not require a dealership to disclose inspection results or observations made during an inspection. The Court rejected this argument in *Gullins*, and adheres to that view. Section 11713.18(a)(6) requires the listing of all of the components that were inspected. It does not require the disclosure of all results or observations made during an inspection.

Plaintiff also seeks to distinguish *Gullins* because Plaintiff here did not receive a two-sided, signed CQI. However, there is no requirement that an inspection report be signed or show the stock number of the inspected vehicle. Instead, the statute requires that the report list all components that were inspected. The FAC has no non-conclusory allegation that CarMax inspected a component not listed on the CQI.

The motion is **GRANTED** with respect to the alleged violation of § 11713.18(a)(6).

                         3.      Whether the FAC States a Claim under Cal. Bus. & Prof. Code § 17200

                                 a)      Legal Standards

Cal. Bus. & Prof. Code § 17200 prohibits, "the unlawful, the unfair, and the fraudulent." *Rose v. Bank of Am., N.A.*, 57 Cal.4th 390, 394 (2013). The scope of § 17200 is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Comm'cns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) (internal quotation marks omitted). Section 17200 makes "violations of other laws . . . independently actionable," but also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." *Id.* The California Supreme Court has explained that § 17200 "was intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive." *Id.* at 181 (internal marks omitted). However, "courts may not use the unfair competition law to condemn actions the Legislature permits." *Id.* at 184. Further, courts "may not simply impose their own notions of the day as to what is fair or unfair." *Id.* at 182. To have standing to bring a claim under § 17200, a person must have suffered injury in fact and have lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
|---|---|---|---|
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

   b)  Application

The premise of the alleged § 17200 claim is the claimed violation of the CLRA. Because Plaintiff has stated a claim under the CLRA, the motion is **DENIED** as to the portions of the § 17200 claim that rely on violations of Cal. Civ. Code § 1770(a). The motion is **GRANTED** as to the portion of the § 17200 claim that relies on violation of Cal. Veh. Code § 11713.18(a)(6).

The FAC also alleges a § 17200 violation by failing to identify the Lincoln as a former rental vehicle in all applicable advertisements. Cal. Veh. Code § 11713(t) provides that it is unlawful for a licensed dealership to advertise for sale a vehicle that was previously used as a rental car without disclosing "clearly and conspicuously" this previous rental status on the advertisement at issue. The FAC alleges that CarMax did not disclose the previous rental status of the Lincoln on all advertisements.

CarMax attaches a copy of a Prior Use Disclosure form allegedly signed by Plaintiff when she purchased the Lincoln. Dkt. 26-3, Ex. 2. This form contains Plaintiff's acknowledgement that the Lincoln was used as a rental vehicle before CarMax purchased it. *Id.* This document is not incorporated within the FAC. Further, it is not clear that it is an adjudicative fact that is beyond reasonable dispute. *Cf.* Fed. R. Evid. 201(b).

Plaintiff argues that, even if she signed an acknowledgement as to the Lincoln's prior rental status, there was a violation of § 11713(t) because CarMax did not include this information in all advertisements about the Lincoln. During the June 8, 2015 hearing, Plaintiff's counsel offered additional facts not alleged in the FAC. Thus, Plaintiff's counsel stated that a CarMax representative showed her an image of the Lincoln that did not disclose its prior rental status.

For the foregoing reasons, the Motion is **GRANTED**, with leave to amend. Any allegations in an amended complaint must comply with the requirements of Fed. R. Civ. P. 11.

  4.  Song-Beverly Consumer Warranty Act Claim

   a)  Legal Standards

The Song-Beverly Consumer Warranty Act provides standards for implied and express warranties with respect to goods sold in California. Under the Song-Beverly Consumer Warranty Act, a "consumer good" is any "new product" purchased for personal, non-retail use. Cal. Civ. Code § 1791(a). The Act also provides certain guarantees for "used goods." Under § 1795.5(a), if express warranties are made to a buyer of used goods, the "distributor or retail seller making express warranties" must "maintain sufficient service and repair facilities within this state to carry out the terms of such express warranties." Further, when an express warranty is provided, the implied warranties of fitness and merchantability "shall be coextensive in duration" with the express warranty. § 1795.5(c). The duration of the implied warranties must be at least 30 days but not more than three months. *Id.* If the duration of the express warranty is not specified, the implied warranties are for three months. *Id.* Finally, sellers of used goods are obligated to honor the express warranties regarding such goods, regardless of when the goods were manufactured. § 1795.5(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

Any buyer that is damaged by the failure to comply with an implied or express warranty may bring an action for damages or other legal and equitable relief. Cal. Civ. Code § 1794(a). In the case of an express warranty claim, the buyer must bring nonconforming goods to repair facilities to afford the seller a chance to repair them. § 1793.2(c). In the event the goods are not repaired so that they conform to the applicable express warranties "after a reasonable number of attempts," the seller must "replace the goods or reimburse the buyer in an amount equal to the purchase price by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." *Id.* The term "nonconformity" as used in § 1793.2(d)(1) means "a nonconformity which substantially impairs the use, value, or safety of the new motor vehicle to the buyer or lessee." § 1793.229(e)(1).

(1) <u>Implied Warranty of Merchantability</u>

Cal. Civ. Code § 1791.1(a) provides an implied warranty of merchantability. Goods must "pass without objection in the trade under the contract description," (§ 1791.1(a)(1)), be "fit for the ordinary purposes for which goods are used" (1791.1(a)(2)), must be "adequately contained, packaged, and labeled," (§ 1791.1(a)(3)), and must "conform to the promises or affirmations of fact made on the container or label" (§ 1791.1(a)(4)).

The implied warranty of merchantability is not a promise that "goods precisely fulfill the expectation of the buyer," but instead provides a "minimum level of quality." *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1296 (1995). If a good is "in safe condition and substantially free of defects," it is fit for the ordinary purpose for which it is used. *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (2014) (internal quotation marks omitted); *accord Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1303 (2009). "The implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale." *Mexia*, 174 Cal. App. at 1305.

b) Application

CarMax argues that Plaintiff's claim for breach of the implied warranty of merchantability fails because the warranty requires only that the vehicle "function for its intended purpose," and the FAC does not allege that the Lincoln did not do so. In support of this position, CarMax relies on *American Suzuki,* which stated that courts in "other jurisdictions" have held that the breach of implied merchantability for an automobile "can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." 37 Cal. App. 4th at 1296. *American Suzuki* was a class action brought by consumers who had purchased a Samurai sports utility vehicle. *Id.* at 1294. The plaintiffs alleged that the defendant breached the implied warranty of merchantability because their vehicles had an "inherent defect" of rolling over due to a design defect. *Id.* However, because "the vast majority of the Samurais sold to the putative class did what they were supposed to do for as long as they were supposed to do it," the vehicles "remained fit for their ordinary purpose" and the class could not be certified. *Id.* at 1298-99 (internal quotation marks omitted). Thus, the class could not be certified based on "a potential injury that never, in fact, materialized." *Id.* at 1299. *American Suzuki* focused on the lack of a coherent basis to link claims of the consumer claims.

Here, Plaintiff has alleged that her vehicle jerked and hesitated. *See* FAC ¶¶ 16, 66. She alleges that she took the vehicle to CarMax for repairs three times and had the ignition coil and spark plugs replaced, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

that these repairs did not correct the problems. These allegations are sufficient to state a claim for a breach of the implied warranty. For these reasons, the motion is **DENIED** as to the implied warranty of merchantability.

The FAC fails to set out sufficient detail to support the breach of an express warranty. The FAC does not provide any information as to the terms of any such warranty or how they were allegedly breached. Because the allegations are conclusory, the motion is **GRANTED** without prejudice as to this claim.

        5.      <u>Alleged Fraud & Punitive Damages</u>

            a)      Legal Standards

Cal. Civ. Code § 1709 provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." "The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 974 (1997). The misrepresentation must be one of fact, not law. Cal. Civ. Code § 1710; *see also* 5 Witkin, Summary, § 773 (10th ed. 2005). Cal. Civ. Code § 3294 allows for punitive damages upon clear and convincing evidence of fraud.

            b)      Application

The FAC alleges two fraudulent acts: (1) failure to provide a completed inspection report despite knowledge of Cal. Veh. Code § 11713.18(a)(6); and (2) failure to disclose the Lincoln's former use as a rental vehicle. As explained above, the FAC acknowledges that the CQI provided to Plaintiff satisfies the requirements of Cal. Veh. Code § 11713.18(a)(6). Thus, the fraud claim cannot be premised on the claimed violation of that statute. With respect to the alleged omission about the prior rental use, the FAC contains only the following conclusory allegations:

> CarMax's [sic] fraudulently omitted this information from Plaintiff [sic] because the subject vehicle had been used as a formal rental vehicle prior to Plaintiff's purchase. CarMax intended that Plaintiff rely on its fraudulent omission in Plaintiff's purchase of the subject vehicle. Plaintiff reasonably relied on CarMax's fraudulent omission and purchased the subject vehicle.

FAC ¶¶ 92-93. These allegations as to intent and justifiable reliance are not plausible. However, for the reasons stated with respect to the Cal. Bus. & Prof. Code § 17200 claim for an alleged violation of Cal. Veh. Code § 11713(t), leave to amend is permitted.

     B.      CarMax's Motion to Strike (Dkt. 27)

        1.      <u>Legal Standards</u>

The Court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Improper prayers for relief may be subject to a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

strike if the complaint fails to allege facts supporting the plaintiff's entitlement, as a matter of law, to the requested relief. *See Santa Clara Valley Water District v. Olin Corp.*, 2007 WL 2890390, at *5 (N.D. Cal. Sept. 28, 2007) (striking prayer for punitive damages where plaintiff had not alleged facts necessary to support a punitive damages claim); *S.E.C. v. Berry*, 2008 WL 4065865 (N.D. Cal. Aug. 27, 2008). However, "[c]ourts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations." *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

      2.      Application

CarMax has moved to strike the following from the FAC:

- ¶ 36 in its entirety;
- The phrase "CarMax's actions are sufficient to support punitive damages" in ¶ 43;
- The phrases "Punitive damages are proper to deter CarMax's acts deemed socially unacceptable and to discourage the perpetuation of CarMax's objectionable corporate policies" and "Plaintiff seeks punitive damages" in ¶ 44;
- ¶ 50 in its entirety;
- ¶¶ 96-100 in their entirety; and
- The request for punitive damages in the Prayer for Relief.

Most of these requests to strike concern the claim for punitive damages. Because the fraud claim has been dismissed, the requests to strike are **MOOT**. As to the request to strike paragraphs 26 and 40, factual issues remain as to whether CarMax violated the CLRA or § 17200 as to representations made to Plaintiff when selling the vehicle. Accordingly, those allegations are not redundant or immaterial and the motion to strike is **DENIED**.

**IV.**    **Conclusion**

For the reasons stated in this Order, the motion to strike is **DENIED IN PART** and **MOOT IN PART**. The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motion is **DENIED** as to Plaintiff's CLRA and § 17200 claims for alleged violations of Cal. Civ. Code § 1770(a);
2. The motion is **GRANTED** without prejudice as to Plaintiff's CLRA and § 17200 claims based on alleged violations of Cal. Veh. Code § 11713.18(a)(6), any amended complaint must set out a good faith, non-conclusory basis for an allegation that CarMax inspected a component of the Lincoln that was not listed in the CQI;
3. The motion is **GRANTED** without prejudice as to Plaintiff's § 17200 claim based on alleged violations of Cal. Veh. Code § 11713(t);
4. The motion is **DENIED** as to Plaintiff's implied warranty of merchantability claim;
5. The motion is **GRANTED** without prejudice as to Plaintiff's express warranty claim; and
6. The motion is **GRANTED** without prejudice as to Plaintiff's fraud and punitive damages claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-08978 JAK (JCx) | Date | June 23, 2015 |
|---|---|---|---|
| Title | Keeya Shaunta Malone v. CarMax Auto Superstores California, LLC, et al. | | |

Any amended complaint shall be filed by July 8, 2015. Plaintiff shall also separately file a redlined version of the amended complaint that reflects all changes made to the FAC.

**IT IS SO ORDERED.**

 : 

Initials of Preparer    ak